1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANTIAGO ORTIZ MARTINEZ, et al.,

                Petitioner,

     v.

CAMMILLA WAMSLEY, et al.,

                Respondent.

Case No. 2:25-cv-01822-TMC

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR TRO

14

## I.    INTRODUCTION AND BACKGROUND

15

16

17

18

19

Before the Court is Petitioners' Ex Parte Emergency Motion to Grant Habeas Petition or
to Issue Temporary Restraining Order ("TRO"). Dkt. 10. Petitioners are currently detained at the
Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma,
Washington. Dkt. 1. They initially brought an immigration habeas action through counsel on
September 19, 2025. *Id.*

20

21

22

23

24

Petitioners, who entered the United States without inspection and have resided in the
country for several years (and in some cases, decades) claim that they are unlawfully subject to
mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 1 ¶¶ 2–8; 16–20. Instead, Petitioners
argue, they are subject to detention under a separate provision of the INA, 8 U.S.C. § 1226(a),
under which they are entitled to a bond hearing before an Immigration Judge ("IJ") with the

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TRO - 1

possibility of release. *Id.* ¶ 6. All Petitioners have been denied bond under the rationale that the

Tacoma Immigration Court lacks jurisdiction to grant bond for those mandatorily detained under

section 1225(b)(2). *Id.* ¶¶ 3–4; 55, 60, 68, 76, 82. But IJs have set bond in the alternative for

three of the Petitioners—Santiago Ortiz Martinez, Horacio Romero Leal, and Adolfo Barajas

Cano—if the immigration court had jurisdiction. Dkt. 4-4 at 2; Dkt. 4-9 at 2; Dkt. 4-11 at 2.

On September 30, 2025, this Court granted summary judgment to members of a certified

Bond Denial Class, entering final judgment and issuing the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C.
> § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).
> The Court further declares that the Tacoma Immigration Court's practice of
> denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates
> the Immigration and Nationality Act.

*Rodriguez Vazquez v. Bostock, et al.*, 3:25-CV-05240-TMC, 2025 WL 2782499 (W.D. Wash.

Sept. 30, 2025), at *27. Petitioners contend they are members of the Bond Denial Class.

On October 6, 2025, Petitioners filed this motion, arguing that the Tacoma Immigration

Court is continuing to deny bond to Bond Denial Class members under section 1225(b)(2) and

requesting emergency relief before final adjudication of their habeas petitions. Dkt. 10; *see*

Dkt. 9. Petitioners' motion in particular highlighted the urgency in obtaining relief for lead

Petitioner Ortiz Martinez given his Individual Calendar Hearing set for October 9, 2025 and his

need to confer with immigration counsel in advance of the hearing. *See* Dkt. 10 at 2. Petitioners

also emphasized that for those with alternative bond orders, the only remaining reason for their

detention is the Tacoma Immigration Court's decision not to follow the declaratory judgment

order in *Rodriguez Vazquez*. Dkt. 10 at 6 (citing *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th

Cir. 2013)).

The Court scheduled a hearing for the afternoon of October 7, 2025. *See* Dkt. 12. Shortly

before the hearing, Respondents filed an opposition to the TRO motion, arguing that Petitioners

had not shown a likelihood of imminent irreparable harm that would justify emergency relief and preserving their argument that *Rodriguez Vazquez* was wrongly decided. *See* Dkt. 15 at 2–4. At the same time, however, Respondents represented that they "do not object to Petitioners being considered members of the [*Rodriguez Vazquez*] Bond Denial Class for purposes of this case." *Id.* at 4. When given the opportunity at the hearing to explain any additional bases for contesting Petitioners' likelihood of success on the merits, Respondents declined to offer any other arguments.

Having reviewed the motion and related filings and heard oral argument from the parties, the Court GRANTS IN PART the TRO motion for the Petitioners with alternative bond rulings: Santiago Ortiz Martinez, Horacio Romero Leal, and Adolfo Barajas Cano. These Petitioners have shown that the only basis for their ongoing detention without bond is Respondents' decision not to follow the declaratory judgment order in *Rodriguez Vazquez*. They have already proven to an immigration judge that they are not a danger to the community and that any flight risk can be mitigated by the conditional bond amount. They remain in custody due only to a detention policy this Court has already held is unlawful. This is a clear showing of both likelihood of success on the merits and immediate irreparable harm.

For the two remaining Petitioners, the Court concludes that although they have shown a likelihood of success on the merits, they have not established the type of imminent irreparable harm that would warrant emergency relief before the Court can consider Respondents' full opposition brief.

Respondents are therefore ORDERED to release Santiago Ortiz Martinez, Horacio Romero Leal, and Adolfo Barajas Cano, or require their release upon payment of the bond amount found in the alternative by the Immigration Judge in their respective cases, within one day of this Order. Under the Court's prior Order to Show Cause and Issue Expedited Briefing

1 Schedule (Dkt. 9), the Court will allow Respondents to file a response to the underlying habeas
2 petitions for all Petitioners no later than October 8, 2025. The Court will rule on the habeas
3 petitions promptly after receiving the response.

## II.    LEGAL STANDARD

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that
the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22
(2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)
(the standard for a TRO is "substantially identical" to the standard for a preliminary injunction).
A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) the
potential for irreparable harm absent preliminary relief, (3) the balance of equities favors
injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*,
240 F.3d at 839 n.7. "Likelihood of success on the merits is a threshold inquiry and is the most
important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025)
(citation omitted).

This Court previously issued an expedited briefing schedule on the habeas petitions for
all five Petitioners. Dkt. 9. The government's response is due tomorrow, October 8, 2025, and
the habeas petitions are noted for October 14. *Id.* In this emergency motion, Petitioners ask the
Court to grant relief before Respondents can be fully heard on the merits of their petitions (for
instance, by contesting whether Petitioners are in fact members of the *Rodriguez Vazquez* Bond
Denial Class or whether there is some other basis for their ongoing detention). The purpose of a
TRO, especially before the responding party can be fully heard, is to prevent irreparable harm
that will occur before the Court can hold a hearing (typically a preliminary injunction hearing).
*See Granny Goose Foods, Inc. v.  Bhd. of Teamsters and Auto Truck Drivers Loc. No. 70 of
Alameda Cty.*, 415 U.S. 423, 439 (1974); *see also Ariz. Recovery Housing Assoc. v. Ariz. Dep't*

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TRO - 4

1
2
3
4
5

*of Health Servs.*, 462 F. Supp. 3d 990, 998 (D. Ariz. 2020) (because purpose of TRO is to prevent irreparable harm before further hearing, "any likely threat of harm . . . must be imminent"). The Court therefore focuses its inquiry on whether Petitioners have shown a likelihood of imminent irreparable harm before the Court can rule on the merits of the habeas petitions.

6

### III.    ORDER

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

The current record before the Court shows that all five Petitioners are members of the Bond Denial Class because they are detained at NWIPC; entered the United States without inspection; were not apprehended on arrival; and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time they requested a bond hearing. *Rodriguez Vazquez*, 2025 WL 2782499, at *27; Dkt. 4-2 at 4; Dkt. 4-3 at 2; Dkt. 4-5 at 3; Dkt. 4-6 at 2; Dkt. 4-8 at 2; Dkt. 4-10 at 2; Dkt. 4-12 at 2. In their response to the TRO motion, Respondents conceded for the purposes of this case that Petitioners are members of the Bond Denial Class. Dkt. 15 at 4. Because the "Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act[,]" Petitioners have demonstrated a strong likelihood of success on the merits. *See Rodriguez Vazquez*, 2025 WL 2782499, at *27. To the extent Petitioners request for relief is considered a mandatory as opposed to prohibitory injunction, they have also established "that the law and facts clearly favor [their] position, not simply that [they are] likely to succeed." *Betschart v. Oregon*, 103 F.4th 607, 619 (9th Cir. 2024) (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc)).

22
23
24

The Ninth Circuit has recognized that irreparable harm is present when "individuals who would be detained if not provided a bond hearing will be granted conditional release under" the injunction. *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013). Petitioners Ortiz

Martinez, Romero Leal, and Barajas Cano have shown that they are experiencing that irreparable harm right now. In a hearing before an Immigration Judge, each of these Petitioners has already proven that they that they are not a danger to the community and that any flight risk can be mitigated by the conditional bond amount set by the IJ. Dkt. 4-4 at 2; Dkt. 4-9 at 2; Dkt. 4-11 at 2.

The only reason that they cannot post that bond, and be released from detention, is Respondents' decision not to comply with this Court's declaratory judgment order in *Rodriguez Vazquez*. *See Betschart*, 103 F.4th at 619 ("Mandatory injunctions are most likely to be appropriate when the status quo is exactly what will inflict the irreparable injury upon the complainant") (citation modified). Ortiz Martinez has also shown that his continued detention is interfering with his ability to meet with counsel and prepare for his imminent Individual Calendar Hearing due to the "substantial challenges in preparing for a merits hearing while in custody[.]" *Cortez v. Sessions*, 318 F. Supp. 3d 1134, 1139 (N.D. Cal. 2018) (discussing data that individuals in custody during removal proceedings are less likely to be granted relief from removal); *see* Dkt. 10 at 2.

For Petitioners Josefina Rojas and Pepe Lopez Lopez, however, the Court agrees with Respondents that the showing of imminent irreparable harm necessary for emergency relief has not been met. Although they will likely succeed in establishing their entitlement to a bond hearing under *Rodriguez Vazquez*, these Petitioners have not yet shown that they would be free from detention absent the Respondents' continued adherence to a policy the Court has already held is unlawful. The short delay in receiving a bond hearing that may result from waiting to consider Respondents' opposition is not the type of irreparable harm that would warrant the extraordinary relief of a TRO.

The remaining two factors—the balance of equities and public interest—"merge" when the government is the opposing party and these too favor Petitioners. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). The harm to the government here is minimal because the Court has already declared that Respondents' practice of denying bond based on section 1225(b)(2) is unlawful as applied to Bond Denial Class members. *See Rodriguez Vazquez*, 2025 WL 2782499, at *27. In contrast, the hardships faced by Ortiz Martinez, Romero Leal, and Barajas Cano in detention and the public interest in granting relief when an individual is unlawfully detained weighs strongly in their favor. Accordingly, the Court finds that Ortiz Martinez, Romero Leal, and Barajas Cano are entitled to a temporary restraining order.

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The motion for a temporary restraining order (Dkt. 10) is GRANTED IN PART as to Petitioners Santiago Ortiz Martinez, Horacio Romero Leal, and Adolfo Barajas Cano. The motion is DENIED as to Petitioners Josefina Rojas and Pepe Lopez Lopez.

2.    Within ONE day of this Order, Respondents must either release Petitioners Santiago Ortiz Martinez, Horacio Romero Leal, and Adolfo Barajas Cano from detention or allow their release upon payment of the bond amount found in the alternative by the Immigration Judge in their respective bond hearings. For Ortiz Martinez, the bond amount found in the alternative is $10,000 (Dkt. 4-4 at 2); for Romero Leal, the bond amount found in the alternative is $7,500 (Dkt. 4-9 at 2); and for Barajas Cano, the bond amount found in the alternative is $10,000 (Dkt. 4-11 at 2).

3.      Under the Court's prior Order to Show Cause and Issue Expedited Briefing

Schedule (Dkt. 9), Respondents shall continue to file a response to the Petitioners'

habeas petitions no later than October 8, 2025.

Dated this 7th day of October, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TRO - 8