UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANTIAGO ORTIZ MARTINEZ, et al.,<br><br>Petitioner,<br><br>v.<br><br>CAMMILLA WAMSLEY, et al.,<br><br>Respondent. | Case No. 2:25-cv-01822-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.  INTRODUCTION AND BACKGROUND

Petitioners are five individuals who, at the time they brought this immigration habeas action through counsel, were detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1.

Petitioners, who entered the United States without inspection and have resided in the country for several years (and in some cases, decades) claim that they were unlawfully subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶¶ 2–8; 16–20. Instead, they argue, they are subject to detention under a separate provision of the INA, 8 U.S.C. § 1226(a), under which they are entitled to a bond hearing before an Immigration Judge ("IJ") with the possibility of release. *Id.* ¶ 6. Four Petitioners were denied bond under the rationale that the Tacoma Immigration Court lacks jurisdiction to grant bond for those mandatorily detained under section

1225(b)(2). Dkt. 4-4 at 2; Dkt. 4-9 at 2; Dkt. 4-11 at 2; Dkt. 21 ¶ 38. Although the fifth Petitioner, Josefina Rojas, has not had a bond hearing before an IJ, she is mandatorily detained under the same reasoning. Dkt. 1 ¶ 60; *see* Dkt. 21 ¶¶ 13–16; Dkt. 20 at 9. At the time of filing this habeas petition, IJs had set bond in the alternative for three of the Petitioners—Santiago Ortiz Martinez, Horacio Romero Leal, and Adolfo Barajas Cano—if the immigration court had jurisdiction. Dkt. 4-4 at 2; Dkt. 4-9 at 2; Dkt. 4-11 at 2.

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, entering final judgment and issuing the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Rodriguez Vazquez v. Bostock, et al.*, 3:25-CV-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025), at *27.

On October 6, 2025, Petitioners filed an Ex Parte Emergency Motion to Grant Habeas Petition or to Issue Temporary Restraining Order ("TRO"). Dkt. 10. Petitioners asserted that they are members of the Bond Denial Class. *Id.* at 1. They submitted evidence that the Tacoma Immigration Court is continuing to deny bond to Bond Denial Class members under section 1225(b)(2) *Id.*; *see, e.g.*, Dkt. 11-3. Petitioners also emphasized that for those with alternative bond orders, the only remaining reason for their detention is the Tacoma Immigration Court's decision not to follow the declaratory judgment order in *Rodriguez Vazquez*. Dkt. 10 at 6 (citing *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013)). Based on these facts, Petitioners requested emergency relief before final adjudication of their habeas petitions. *Id.*; *see* Dkt. 9.

One day later and following a TRO hearing and consideration of Federal Respondents' opposition to the motion, this Court granted the TRO motion in part as to Ortiz Martinez,

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Romero Leal, and Barajas Cano. Dkt. 18; Dkt. 17; Dkt. 15. The Court granted emergency relief because "each of these Petitioners has already proven that they are not a danger to the community and that any flight risk can be mitigated by the conditional bond amount set by the IJ." Dkt. 18 at 6 (citing Dkt. 4-4 at 2; Dkt. 4-9 at 2; Dkt. 4-11 at 2). The Court held that within one day of the order, Respondents "must either release Petitioners Santiago Ortiz Martinez, Horacio Romero Leal, and Adolfo Barajas Cano from detention or allow their release upon payment of the bond amount found in the alternative by the Immigration Judge in their respective bond hearings." *Id.* at 7.

The Court denied the TRO as to Pepe Lopez Lopez and Josefina Rojas because "[a]lthough they will likely succeed in establishing their entitlement to a bond hearing under *Rodriguez Vazquez*, these Petitioners have not yet shown that they would be free from detention absent the Respondents' continued adherence to a policy the Court has already held is unlawful." *Id.* at 6. Because these petitioners did not make the necessary irreparable harm showing for emergency relief, the Court determined it would rule on these petitioners' underlying habeas petitions after receiving Respondents' opposition brief. *Id.*

On October 8, 2025, Respondents filed their opposition brief. Dkt. 20. Respondents explain that while they "acknowledge the Court's decision in *Rodriguez Vasquez*, Federal Respondents continue to believe Petitioners are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)." Dkt. 20 at 3. They argue that the Court's order granting temporary relief to Petitioners Ortiz Martinez, Romero Leal, and Barajas Cano moots the habeas petition as to these Petitioners because they have been released from custody after posting bond. *Id.* at 7–8; *see* Dkt. 21 ¶¶ 9, 25, 32.

Concerning the remaining Petitioners, Respondents "do not object" that Lopez Lopez is a member of the Bond Denial Class. *Id.* at 9–10. Although that same day an IJ had denied Lopez

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

Lopez's bond based on an asserted lack of jurisdiction under section 1225(b)(2), the IJ found in the alternative that it would grant bond in the amount of $5,000 if it had jurisdiction. Dkt. 19-1. Respondents thus conceded that if the Court were to grant habeas relief to Lopez Lopez, the appropriate relief would be either a bond redetermination hearing under 8 U.S.C. § 1226(a) or "release[] upon payment of the bond found in the alternative" by the IJ. Dkt. 20 at 9-10. Respondents do, however, dispute that Petitioner Josefina Rojas is a *Rodriguez Vazquez* Bond Denial Class member—and thus, entitled to habeas relief—on the sole basis that "there is no evidence that Rojas has requested a bond hearing." *Id.* at 9. However, Respondents "acknowledge[d] that if and when Rojas properly requests a bond hearing, she will become a member of the class" and the appropriate relief would be a bond hearing under 8 U.S.C. § 1226(a). *Id.*

On October 9, 2025, Petitioners replied to Respondents' opposition brief, first arguing that the request for relief for Petitioners Ortiz Martinez, Romero Leal, and Barajas Cano is not moot because the TRO "provides only *temporary* relief." Dkt. 23 at 3 (emphasis in original). Petitioners contend that absent a writ of habeas corpus and final judgment from this Court, and in light of Respondents "not disavow[ing] their unlawful interpretation of the detention statutes," "nothing will stop Respondents from re-arresting Petitioners tomorrow, revoking their bond, and declaring them subject to mandatory detention." *Id.* at 2, 5–6. Petitioners describe certain conditions imposed upon those released on bond that, at least in the case of Barajas Cano, were not part of the alternative bond findings set by the IJ that this Court ordered to be followed. *See* Dkt. 23 at 6; Dkt. 4-11 at 2; Dkt. 18 at 7–8. Petitioners also contend that Respondents refused to return Ortiz Martinez's employment authorization document ("EAD") and his Alaska ID when he was released on bond, which they state he is legally entitled to as an asylum applicant. Dkt. 23 at 6 n.3 (citing 8 C.F.R. 208.7); *see* Dkt. 24-2 at 2. Finally, Petitioners assert that Rojas is a Bond

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

Denial Class member regardless of whether she "has already received a bond hearing and been denied, or whether [she] [is] requesting one now in a habeas petition." Dkt. 23 at 7.

The habeas petitions are ripe for the Court's review. Upon review of the relevant record, the Court concludes that the temporary relief granted to the three Petitioners does not moot their underlying application for a writ of habeas corpus. All five Petitioners are members of the Bond Denial Class. Because the "Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act[,]" Petitioners are either unlawfully detained or were at the time of their application for relief. *See Rodriguez Vazquez*, 2025 WL 2782499, at *27. The Court thus GRANTS Petitioners' petition for a writ of habeas corpus. Dkt. 1.

## II. LEGAL STANDARD

Writs of habeas corpus "may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). To succeed on their habeas petition, Petitioners "must show [they are] in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241(c)(3)).

"The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is *filed*." *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (emphasis added). "But the statute does not limit the relief that may be granted to discharge of the applicant from physical custody." *Id.* "Its mandate is broad with respect to the relief that may be granted." *Id.* "It provides that '(t)he court shall [. . . ] dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243) (holding that petitioner, who filed a writ of habeas corpus while in custody and was later released before his application was considered, is "entitled

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5

Case 2:25-cv-01822-TMC    Document 25    Filed 10/10/25    Page 6 of 10

to consideration . . . for relief on its merits" because he still bore the consequences of his "assertedly unlawful conviction"). Here, it is undisputed that all Petitioners brought this habeas action while under custodial detention at NWIPC. *See* Dkt. 1.

### III.    DISCUSSION

**A.    Petitioners Ortiz Martinez, Romero Leal, and Barajas Cano's requests for relief are not moot.**

The Court's grant of preliminary relief to three petitioners does not moot their underlying requests for a writ of habeas corpus. Under Supreme Court and Ninth Circuit precedent, temporary relief, up to and including a petitioner's release, does not render a case moot. In *Nielsen v. Preap*, a plurality of the Court explained that the release of noncitizen plaintiffs from detention on bond under a preliminary injunction order did not moot their underlying claim that their mandatory detention was unlawful. 586 U.S. 392, 403 (2019). As the Court reasoned, "[u]nless that preliminary injunction was made permanent . . . these individuals faced the threat of re-arrest and mandatory detention." *See id.; see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195 n.2 (9th Cir. 2022) (holding that the government's compliance with a district court order that a noncitizen petitioner be released on bond "does not moot its appeal"); *Carafas*, 391 U.S. at 238 (explaining that "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on [a habeas] application"). And while Respondents cite *Abdala v. I.N.S.* in support of their mootness argument, the Ninth Circuit makes clear in that case that a habeas petition "continue[s] to present a live controversy after the petitioner's release" where there is "some remaining 'collateral consequence' that may be redressed by success on the petition." 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Here, Petitioners Ortiz Martinez, Romero Leal, and Barajas Cano were released on bond under the Court's TRO order. *See* Dkt. 18; Dkt. 21 ¶¶ 9, 25, 32. But that relief was, by definition, temporary. *See* Fed. R. Civ. P. 65(b)(2) ("The order expires at the time after entry—not to exceed 14 days[.]"). Once the TRO expires—and absent "permanent" relief from unlawful detention in the form of a final judgment, *see Preap*, 586 U.S. at 403—Petitioners could suffer "collateral consequences" and face an ongoing threat of actual injury. *See Abdala*, 488 F.3d at 1064; *Spencer*, 523 U.S. at 7–8. Namely, Petitioners "face[] the threat of re-arrest and mandatory detention" under the same detention scheme this Court has already declared unlawful as applied to them. *See Rodriguez Vazquez*, 2025 WL 2782499, at *27. This is especially true where, as here, Respondents "continue to believe Petitioners are subject to mandatory detention" and the Tacoma Immigration Court continues to deny bond to similarly situated Petitioners under the same reasoning. Dkt. 20 at 3; *see, e.g.*, Dkt. 11-3. Accordingly, the Court will consider the underlying writ of habeas corpus for all five Petitioners.

**B.     Petitioners are entitled to relief.**

Petitioners argue that the application of 8 U.S.C. § 1225(b)(2) to them, noncitizens "who entered the United States without inspection or parole" but were not apprehended upon arrival, violates the INA by mandating their continued detention. Dkt. 1 ¶¶ 1–4, 85–86; *see* Dkt. 4-3; Dkt. 4-6; Dkt. 4-8; Dkt. 4-12; Dkt. 4-10. Petitioners contend that they are instead subject to discretionary detention under 8 U.S.C. § 1226(a), which entitles them to a bond hearing before an IJ with the possibility of release. Dkt. 1 ¶ 6. Respondents make no other argument for Petitioners' mandated detention than one based on their statutory interpretation of the detention authorities at issue. *See* Dkt. 20 at 3–4.

Whether Petitioners are lawfully detained under section 1225 presents the same legal question that this Court recently answered in *Rodriguez Vazquez*, 2025 WL 2782499. The Court

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7

granted summary judgment and entered a declaratory judgment for members of a certified Bond Denial Class, declaring that the "Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* at *27. The Court further declared that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." *Id.*

Here, Petitioners are members of the Bond Denial Class because at the time they filed this petition for writ of habeas corpus, they were detained at NWIPC; entered the United States without inspection; were not apprehended on arrival; and were not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time they requested a bond hearing. *See id.*; Dkt. 4-3; Dkt. 4-6; Dkt. 4-8; Dkt. 4-12; Dkt. 4-10; *see generally* Dkt. 21.

Respondents previously stated that they "do not object to Petitioners being considered members of the Bond Denial Class for purposes of this case." Dkt. 15 at 4 (footnote omitted). But in the government's latest filing, they argue that Petitioner Josefina Rojas is not a Bond Denial Class member "[b]ecause there is no evidence that Rojas has requested a bond hearing." Dkt. 20 at 9. Respondents do not otherwise object to Rojas being considered a Bond Denial Class member. *See id.* They further acknowledge that once Rojas requests a bond hearing and if the Court were to grant her habeas petition, "the appropriate relief would be for Rojas to have a bond hearing in the immigration court pursuant to 8 U.S.C. § 1226(a)." *Id.*

That Rojas has not yet requested a bond hearing is not a basis for denying her habeas petition. Where, as here, an individual "is in custody in violation of the . . . laws . . . of the United States," the Court is empowered to grant the petitioner's writ of habeas corpus. *See* 28 U.S.C. § 2241(a). Respondents do not dispute that Rojas is currently subject to mandatory detention under section 1225(b)(2), which this Court has declared unlawful under the INA as

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 8

applied to her and others similarly situated. *See* Dkt. 20 a 9; *Rodriguez Vazquez*, 2025 WL 2782499, at *27. Rojas need not go through a futile exercise of requesting a bond hearing while still subject to unlawful mandatory detention in order to gain the protection of the Court's declaratory judgment. *See Carafas*, 391 U.S. at 238 (explaining that under the federal habeas statute, "(t)he court shall [. . .] dispose of the matter as law and justice require") (quoting 28 U.S.C. § 2243). The Court can grant her petition because the current basis for her custody is unlawful, and she should instead be detained under section 1226(a), which will entitle her to a bond hearing on the merits once she requests one under 8 U.S.C. § 1226(a) and its implementing regulations. *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19.

Finally, the Court clarifies that the relief it grants to the four petitioners for whom IJs had set bond in the alternative—Ortiz Martinez, Romero Leal, Barajas Cano, and Lopez Lopez—includes adherence to *all* requirements of the IJ's conditional bond orders under section 1226(a). *See* Dkt. 4-4; Dkt. 4-9; Dkt. 4-11; Dkt. 19-1. In particular, the IJ's alternative bond finding for Petitioner Adolfo Barajas Cano does *not* impose "[a]ny conditions ICE deems necessary," including the requirement he wear an ankle monitor on his release. *See* Dkt. 4-11 at 2; Dkt. 24-3 at 2; Dkt. 23 at 6.

For the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that Petitioners are detained under section 1226(a) and not subject to mandatory detention under section 1225(b)(2). *See Rodriguez Vazquez*, 2025 WL 2782499, at *27. Petitioners have thus shown they are "in custody in violation of the" INA. *See* 28 U.S.C. § 2241(c)(3). Accordingly, Petitioners' writ of habeas corpus is GRANTED.[1]

---

[1] Because the Court grants the petition based on Petitioners' unlawful detention under the INA, it declines to reach Petitioners' constitutional claim, now moot, that mandatory detention violates their right to due process. *See* Dkt. 1 ¶¶ 91–93.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 9

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this Order, Respondents must either release Petitioner Pepe Lopez Lopez from detention or allow Petitioner's release upon payment of the bond amount and all conditions found in the alternative by the Immigration Judge in her October 8, 2025 order. For Lopez Lopez, the bond amount found in the alternative is $5,000 and the order allows that "[c]onditional release is granted under any conditions set by ICE/DHS." (Dkt. 19-1 at 2–3).

3. Within seven days of this Order, Respondents must comply with all conditions found in the alternative by the Immigration Judge in Petitioners' respective bond determination orders. Respondents are ordered to remove Petitioner Adolfo Barajas Cano's ankle monitor to comply with the Immigration Judge's June 23, 2025 order. (Dkt. 4-11 at 2).

4. Within seven days of this Order, Respondents must show cause why the Court should not order the return of Petitioner Santiago Ortiz Martinez's employment authorization document ("EAD") and Alaska ID.

5. Within fourteen days of receiving Petitioner Josefina Rojas's request for a bond redetermination, Respondents must either release her or provide her a bond hearing under 8 U.S.C. §1226(a).

Dated this 10th day of October, 2025.

Tiffany M. Cartwright
United States District Judge